UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
UNITED STATES OF AMERICA,          :
              Plaintiff,           :
                                   :
         v.                        :          CA 07-60 S
                                   :
ACCOUNT NUMBER 11034114 IN THE     :
NAME OF RENAISSANCE MEDICAL        :
GROUP LOCATED AT CITIZENS BANK,    :
NORTH PROVIDENCE, RHODE ISLAND,    :
AND ACCOUNT NUMBER 0015649423      :
IN THE NAME OF TAREK AND           :
MATHILDA WEHBE LOCATED AT          :
CITIZENS BANK, NORTH PROVIDENCE,   :
RHODE ISLAND,                      :
              Defendants.          :
```

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

   This is a complaint for forfeiture in rem.  See Complaint

for Forfeiture in Rem (Document ("Doc.") #1) at 1.  Before the

Court is the Government's Motion to Dismiss Claims and for Entry

of Judgment and Final Order of Forfeiture (Doc. #13) ("Motion to

Dismiss Claims" or "Motion").  The Motion has been referred to me

for preliminary review, findings, and recommended disposition

pursuant to 28 U.S.C. § 636(b)(1)(B).  I have determined that no

hearing is necessary.  For the reasons stated below, I recommend

that the Motion to Dismiss Claims be granted.

**Facts and Travel**

   Prior to May 2008, Tarek Wehbe, M.D. ("Dr. Wehbe"), owned

and operated a medical practice, Renaissance Medical Group

("RMG"), with offices located in Providence and North Providence, Rhode Island.  See Affidavit of Jason Simonian (Doc. #2) ("Simonian Aff.") ¶ 3.  Since approximately August, 2005, agents of the Food and Drug Administration's Office of Criminal Investigation, the United States Department of Health and Human Services Office of the Inspector General, the United States Postal Inspection Service, and the Rhode Island Attorney General's Office–Medicaid Fraud Control Unit have participated in a joint investigation of fraudulent activities by Dr. Wehbe.  Id. Specifically, the investigation uncovered evidence that Dr. Wehbe had been submitting false claims to Medicare, Medicaid, and private health insurance carriers in order to obtain reimbursements for services that were not rendered, were improperly coded, or were not medically necessary, in violation of 18 U.S.C. §§ 287 (false claims), 1347 (health care fraud), 1001 (false statements), 1035 (false statements relating to health care matters), 1341 (mail fraud), and 1343 (wire fraud). Id.; see also Complaint ¶ 4.  The reimbursements, totaling more than $10 million between 2000-2005 were deposited into Account Number 11034114, in the name of RMG, located at Citizens Bank, North Providence, Rhode Island (the "RMG Account").  Simonian Aff. ¶¶ 2(A), 3.  Plaintiff United States of America ("Plaintiff," the "United States," or the "Government") alleges that financial transactions were conducted with the RMG Account

with the intent to promote these unlawful activities and that said account "contains the traceable proceeds from the above violations ...."  Complaint ¶ 4; see also Simonian Aff. ¶ 6.  The investigation also uncovered evidence that Dr. Wehbe routinely withdrew large sums of money, totaling in the hundreds of thousands of dollars, from the RMG account and deposited these withdrawals into his personal accounts, including Account Number 0015649423, in the name of Tarek and Mathilda Wehbe (collectively "the Wehbes"), located at Citizens Bank, North Providence, Rhode Island (the "Wehbe Account").  Simonian Aff. ¶¶ 2(B), 3.  The Government alleges that "financial transactions were conducted with [the Wehbe Account] ... knowing that the transactions were conducted with the intent to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activities ...."  Complaint ¶ 5; see also Simonian Aff. ¶ 7.

On or about December 14, 2006, the RMG Account and the Wehbe Account (collectively the "Defendant Accounts") were seized by agents of the United States Food and Drug Administration ("FDA") pursuant to the execution of federal seizure warrants.  Complaint ¶ 3; see also Simonian Aff. ¶ 2(A), (B).  At that time, the RMG account contained $323,806.73, id. ¶ 2(A); Complaint ¶ 2, and the Wehbe Account contained $49,662.20, Simonian Aff. ¶ 2(B); Complaint ¶ 2.  The Government alleges that, based on the

3

foregoing allegations, the Defendant Accounts are forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and (C). Complaint ¶ 6.

The Government filed the instant Complaint on February 12, 2007.  See Docket.  On or about February 15, 2007, as noted above, the Government took possession of the Defendant Accounts. See Warrant of Arrest and Notice in Rem (Doc. #3); see also Government's Memorandum in Support of Motion to Dismiss Claims and for Entry of Final Order of Forfeiture ("Government's Mem.") at 2.  In March 2007, the Government had notice of the forfeiture action advertised for three consecutive weeks in The Providence Journal.  See Process Receipt and Return (Doc. #6); see also Government's Mem. at 2; id., Ex. 3 (Process Receipt and Return). Pursuant to 18 U.S.C. § 983(a)(4)(A) and Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Wehbes filed a Notice of Claim (Doc. #4) and claim to the Wehbe Account and RMG filed a Notice of Claim (Doc. #5) and claim to the RMG Account on April 12, 2007.  See Docket.  However, neither the Wehbes nor RMG filed an answer to the Complaint.  See id.  The matter was stayed until April 1, 2008, due to an ongoing criminal investigation pursuant to three joint motions to stay proceedings.  See id.; see also Joint Motion to Stay Proceedings (Doc. #7) ("First Joint Motion to Stay"); Joint Motion to Stay Proceedings (Doc. #8) ("Second Joint

Motion to Stay"); Joint Motion to Stay Proceedings (Doc. #11)

("Third Joint Motion to Stay"); Docket.

The attorneys for RMG and the Wehbes moved on May 9, 2008,

to withdraw as counsel.  See Docket; Motion of Patricia K. Rocha

and John A. Tarantino and the Law Firm of Adler Pollock & Sheehan

P.C. to Withdraw as Counsel (Doc. #12) ("Motion to Withdraw").

In the memorandum in support of their Motion to withdraw, counsel

stated that Allan Shine, Esq., was appointed temporary receiver

for RMG on April 17, 2008, and as permanent receiver on May 8,

2008.  See Memorandum of Law in Support of Motion of Patricia K.

Rocha and John A. Tarantino and the Law Firm of Adler Pollock &

Sheehan P.C. to Withdraw as Counsel ("Counsel's Mem.") at 1; see

also id., Ex. 5 (Affidavit and Certification of Patricia K. Rocha

and John A. Tarantino in Support of Motion to Withdraw) ¶ 3; id.,

Ex. 1 (Petition for the Appointment of a Receiver), Ex. 2 (Order

Appointing Temporary Receiver), Ex. 3 (Order Appointing Permanent

Receiver).  They further stated that "[t]o the best of our

knowledge and belief, both Dr. and Mrs. Wehbe are not presently

in the United States and, on information and belief, have not

been in the United States for several weeks."  Id., Ex. 5 ¶ 5;

see also Government's Mem., Ex. 4 (email from Lebanese official

dated 7/24/08 indicating that Dr. Wehbe was in Lebanon at that

time).  The Motion to Withdraw was granted on May 29, 2008.  See

Docket.

On November 18, 2009, the Government filed the Motion to Dismiss Claims.  See id.  No objection or response to the Motion was filed.  See id.  The time for filing such objection or response expired on December 7, 2009.  See id.

**Discussion**

The Government moves to dismiss the claims of RMG and the Wehbes based on: (1) the failure of RMG and the Wehbes to file answers to the Complaint, as required under Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions; and (2) the flight of Dr. Wehbe from the United States, which disentitles him and RMG, of which he was the principal and owner, from pursuit of their claims under 28 U.S.C. § 2466.  See Motion to Dismiss Claims at 1.  The Government also moves for entry of judgment and a final order of forfeiture.  See id.  As noted above, no objection was filed to the Motion.  See Docket.

According to Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within 20 days after filing the claim.[1]  A

---

[1] Rule 12 of the Federal Rules of Civil Procedure provides, in relevant part, that:

Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:
    (A)  A defendant must serve an answer:
       (i)   within 20 days after being served with the

claimant waives an objection to in rem jurisdiction or to venue

if the objection is not made by motion or stated in the answer."

Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime

Claims and Asset Forfeiture Actions.

In the instant matter, the claims by RMG and the Wehbes

regarding the Defendant Accounts were filed on April 12, 2007.

See Docket.   Thereafter, the matter was stayed from May 2, 2007-

April 1, 2008.   See id.; see also First Joint Motion to Stay at

1; Second Joint Motion to Stay at 1; Third Joint Motion to Stay

at 1.   Almost two years have passed since the stay was lifted,

and still no answers to the Complaint have been filed.   See

Docket.

> The filing deadlines set forth in Supplemental Rule
> C(6)[2] exist to "force claimants to come forward as soon

> > summons and complaint; or
> > (ii) if it has timely waived service under Rule
> > 4(d), within 60 days after the request for a waiver
> > was sent, or within 90 days after it was sent to
> > the defendant outside any judicial district of the
> > United States.
>
> > ....

Fed. R. Civ. P. 12(a)(1)(A).   There is no evidence in the instant
matter that RMG or the Wehbes waived service pursuant to Fed. R. Civ.
P. (4)(d).
     As of December 1, 2009, both Fed. R. Civ. P. 12 and Rule G(5)(b)
allow 21 days for the filing of an answer or other responsive
pleading.   See Fed. R. Civ. P. 12(a)(1)(A); Rule G(5)(b) of the
Supplemental Rules for Admiralty or Maritime Claims and Asset
Forfeiture Actions.   The Court cites to the rules as they existed when
the Complaint was filed.

     [2] Supplemental Rule C(6) is the predecessor of Supplemental Rule
G(5) pertaining to asset forfeiture.   See Government's Memorandum in
Support of Motion to Dismiss Claims and for Entry of Final Order of

as possible after forfeiture proceedings have begun and
to prevent false claims." <u>United States v. One Urban
Lot</u>, 885 F.2d 994, 1001 (1st Cir. 1989).   For that
reason, courts have generally "required strict adherence
to [Supplemental] Rule C(6)."   [<u>United States v.] One
Dairy Farm</u>, 918 F.2d [310,] 312 [(1st Cir. 1990)]
(collecting cases).

<u>United States v. $230,963.88 in United States Currency, More or
Less</u>, No. Civ. 00-378-B, 2000 WL 1745130, at *3 (D.N.H. Nov. 16,
2000)(first alteration in original).  When courts have not
required strict compliance, generally some mitigating factor is
present.  <u>See</u> <u>United States v. One Dairy Farm</u>, 918 F.2d at 312.
While recognizing that forfeiture is a "harsh result[]," <u>id.</u>; <u>see
also</u> <u>United States v. $230,963.88 in United States Currency, More
or Less</u>, 2000 WL 1745130, at *3 ("On the one hand, forfeiture is
a harsh medium ....  On the other hand, the law ministers to the
vigilant[,] not to those who sleep upon perceptible rights.")
(internal quotation marks omitted), the Court of Appeals for the
First Circuit has upheld dismissal of claims for "technical
noncompliance with the filing requirements ...," <u>United States v.
One Dairy Farm</u>, 918 F.2d at 312, of the Supplemental Rules.

The Government argues that:

Here, both the Wehbes and RMG have failed to file answers
to the Complaint and there are no mitigating
circumstances.  The Complaint and responsive claims were
filed years ago.  The period of stay has long passed.
The Wehbes-including RMG's president and owner, Tarek
Wehbe-have left the United States.   Also, other
forfeiture actions relating to the Wehbes and RMG's

Forfeiture ("Government's Mem.") at 6 n.3.

properties and assets have gone uncontested by the Wehbes
and RMG.   The circumstances of this case preclude the
possibility of any mitigation for RMG or the Wehbes.

Government's Mem. at 6.   The Court is constrained to agree.

Although the cases on which the Government relies, United States

v. One Dairy Farm, 918 F.2d at 311, and United States v.

$230,963.88 in United States Currency, More or Less, 2000 WL

1745130, at *1, involved claimants who failed to file both timely

claims and answers, the Court finds that the circumstances of

this case warrant dismissal of the Wehbes' and RMG's claims.   I

so recommend.

Alternatively, the Government moves to dismiss the claims of

Dr. Wehbe and RMG pursuant to 28 U.S.C. § 2466 on the ground that

Dr. Wehbe has fled the United States.   See Government's Mem. at

7.   Having found that the claims of the Wehbes and RMG should be

dismissed for failure to file answers to the Complaint, the Court

need not address the Government's second ground for dismissal.

Finally, the Government argues that:

If the Court dismisses the claims of RMG and the Wehbes,
no claims for the Defendant Accounts will remain.   The
Government has complied with the requirements of
Supplemental Rule G, namely notice has been published and
direct notice has been sent to known potential claimants
(as evidenced by RMG and the Wehbes filing claims).
Finally, the time for filing claims has long passed.
Accordingly, assuming that the Court dismisses the
pending claims, the Government will be entitled to a
final order of forfeiture with respect to the Defendant
Accounts.

Government's Mem. at 7-8 (internal citation omitted).   The Court

agrees.   Accordingly, I recommend that, if the recommendation that the claims of RMG and the Wehbes be dismissed is accepted, a final order of forfeiture be entered.

### Conclusion

For the reasons stated above, I recommend that the Motion to Dismiss Claims be granted.   I further recommend that final judgment be entered in Plaintiff's favor and that a final order of forfeiture also be entered.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt.   <u>See</u> Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).   Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
February 8, 2010